(No. 75-CV-67—)

Mary Herila, Claimant, *vs.* State of Illinois, Respondent.

*Opinion filed May 20, 1975.*

Mary Herila, Claimant, pro se.

WILLIAM J. SCOTT, Attorney General, LEONARD CAHNMANN, Assistant Attorney General for Respondent.

PER CURIAM.

This claim arises out of a criminal offense that occurred on November 30, 1973, at approximately 10:00 p.m. near 1403 West 17th Street. Mary Herila, victim, seeks compensation pursuant to the provisions of the "Crime Victims Compensation Act," *Ill. Rev. Stat., 1973, Ch. 70, §71, et seq.* (hereafter referred to as the "Act").

This Court has carefully considered the application for benefits submitted on the form prescribed and furnished by the Court; and a report of the Attorney General of the State of Illinois which substantiates matters set forth in the application. Based upon these documents and other evidence submitted before the Court, the Court finds:

1. That the claimant, Mary Herila, age 57, was a victim of a violent crime, as defined in §2(c) of the Act, to wit:

"Aggravated Battery". (*Ill. Rev. Stat., 1973, Ch. 38, §12-4*).

2. That on November 30, 1973, at approximately 10:00 p.m., the claimant, Mary Herila, was walking home from work when she was accosted by three men near 1403 West 17th Street, Chicago, Illinois. The men grabbed claimant's purse and spun her around. They

then kicked and hit her. Claimant's neighbor, Jessie Arzesco, found claimant lying on the ground, took her home and notified the Chicago Police Department.

3. That statements, taken by the police investigators shortly after the crime was committed, present no evidence that the claimant's injuries were in any way attributable to her wrongful act or the substantial provocation of her assailant.

4. That the claimant was taken to St. Francis X. Cabrini Hospital, 811 South Lytle, Chicago, where she was treated by Dr. James J. Bransfield for fracture of both bones in the left leg. Dr. Bransfield's treatment was to close reduction manipulation and application of a long leg cast.

A further and more detailed summary of the facts and information considered by the Court is contained in the Investigatory Report prepared by the Attorney General. A copy of said report is retained in the Court's file in this matter and the facts reported therein are incorporated in this opinion by reference.

5. That the victim and her assailant were not related nor sharing the same household.

6. That the criminal offense was promptly reported to law enforcement officials and claimant has fully cooperated with their requests for assistance in the apprehension of the assailants. However, the assailants have not been identified at this time.

7. That the claimant seeks compensation for hospital and medical expenses and for loss of earnings.

8. That statements from claimant's physician and claimant's employer indicate that claimant was out of

work from November 30, 1973, to September 10, 1974, a total of 8 months and 10 days, as a result of her injuries.

9. That claimant was employed by Elva's Workroom, 4049 West 26th Street, where her average monthly earnings was $428.00 month.

10. That the claimant has shown to the court's satisfaction that her loss of earnings as a result of her injury was $3,564.60.

11. That, in addition to loss of earnings, the claimant incurred medical and hospital expenses which were partially covered by insurance benefits, and the gross amount of the pecuniary loss for these items as computed before deduction and setoffs is as follows:

| | |
|---|---:|
| Hospital | $ 713.45 |
| Medical | 613.00 |
| | $1,216.45 |

12. That the claimant has received the following benefits as a result of her injury:

| | |
|---|---:|
| Prudential Insurance Co., #H7220614, H7227130 | $1,235.45 |
| State of Illinois, Dept. of Public Aid | 678.61 |
| | $1,914.06 |

13. That, in determining the amount of compensation to which an applicant is entitled, §7(d) of the Act states that this Court—

(d) "shall deduct $200 plus the amount of benefits, payments or awards, payable under the 'Workmen's Compensation Act,' or from local governmental, State or Federal funds or from any other source, (except annuities, pension plans, Federal social security benefits and the net proceeds of the first ($25,000) Twenty-five Thousand Dollars of life insurance that would inure to the benefit of the applicant . . .)."

14. That, in the claim before us, the benefits received by the claimant from other sources which must be deducted from her loss, as contemplated by §7(d) of the

Act, were shown to be in the total sum of $1,914.06. This amount, plus the statutory deduction of $200, having been deducted from the gross amount of loss as calculated in ¶10 and 11, leaves a loss compensable under the Act of $2,776.99. Hence, the claimant is entitled to an award in the amount of $2,776.99. i.e.,

| | | |
|---|---:|---:|
| Loss of Earnings | $3,564.60 | |
| Hospital & Medical | 1,326.45 | $4,891.05 |
| Less benefits received | 1,914.06 | |
| $200 deductible | 200.00 | 2,114.06 |
| | | $2,776.99 |

IT IS HEREBY ORDERED that the sum of $2,776.99 (TWO THOUSAND SEVEN HUNDRED SEVENTY-SIX DOLLARS AND NINETY-NINE CENTS) be awarded to Mary Herila, an innocent victim of a violent crime.